IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                             PLAINTIFF

v.                                    4:15-cr-00177-01-KGB

ALVIN EVERETT COLE

## ORDER

Pending is defendant Alvin Everett Cole's motion for adjustment of sentence (Dkt. No. 87). Mr. Cole asserts that he is entitled to a sentence reduction based on the retroactive changes to "status points" under Guideline Amendment 821. Applying Guideline Amendment 821, Mr. Cole's criminal history score goes from 19 to 18, but Mr. Cole's criminal history category remains a category VI.[1]

Additionally, Mr. Cole's plea agreement provides that he "waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." (Dkt. No. 59, at 3). Therefore, as Mr. Cole knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief. *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a 18 U.S.C. § 3582 (c)(2) motion when the record established that the defendant knowingly and voluntarily entered the plea agreement).

For these reasons, the Court denies Mr. Cole's motion (Dkt. No. 87).

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

It is so ordered this 21st day of December, 2023.

_____
Kristine G. Baker
Chief United States District Judge